## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

FRANCES W. CHAMBLISS
AND VINCENT D. CHAMBLISS                                **PLAINTIFFS**

**VERSUS**                                              NO: 2013-00,144 (3)

WAL-MART STORES, INC.                                   **DEFENDANT**

### SUMMONS

THE STATE OF MISSISSIPPI
TO:   C.T. CORPORATION SYSTEM
      Agent for Service of Process
      O/B/O WAL-MART, INC.
      645 Lakeland East Drive, Suite 101
      Flowood, Mississippi 39232

### NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to Nita L. Chase of CHASE CHASE & ASSOCIATES, PLLC, the attorney for the Plaintiffs, whose post office address is 7119 D'Iberville, Mississippi 39540, and whose street address is 10345 D'Iberville Boulevard, Suite D, D'Iberville, MS 39540. Your response must be mailed or delivered within (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this the ___1___ day of __JULY__, 2013.

                    Joe W. Martin
                    Jackson County Circuit Clerk
                    P.O. Box 998
                    Pascagoula, Mississippi 39568

            By: _____Mary Jansen_____ D.C.

EXHIBIT "A"

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

FRANCES W. CHAMBLISS
AND VINCENT D. CHAMBLISS                            **PLAINTIFFS**

VERSUS                                            NO: 2013-00,144(3)

WAL-MART STORES, INC.                            **DEFENDANT**

FILED JUL 01 2013 JOE W. MARTIN, JR., CLERK BY_____ D.C.

## COMPLAINT
## (JURY TRIAL DEMANDED)

**COMES NOW** the Plaintiffs, **Frances Chambliss, and Vincent D. Chambliss**, by and through their attorney of record, Nita L. Chase, and files this Complaint against the Defendant, **Wal-mart Stores, Inc.**, and would show and prove unto the Court the following to-wit:

I.

That Plaintiff, Frances W. Chambliss (hereinafter referred to as "Frances"), is a married adult resident citizen of Adams County, Mississippi, residing at 1302 Lafayette Street, Natchez, Mississippi, 39120.

II.

That Plaintiff, Vincent D. Chambliss (hereinafter referred to as "Vincent"), is a married adult resident citizen of Jefferson County, Mississippi, residing at 3999 Stampley Road, Fayette, Mississippi 39069, and was married to Plaintiff Frances W. Chambliss at the time the cause of action subject of this litigation arose.

III.

That Defendant Wal-mart Stores, Inc. (hereinafter referred to as "Wal-mart" or "Defendant") is a corporation, incorporated in Delaware, doing business under the laws of the State of Mississippi, at Pascagoula, Mississippi and may be served with process by and through

1

their registered agent, CT Corporation System, 645 Lakeland East Drive Suite 101, Flowood, Mississippi 39232.

IV.

Jurisdiction in this matter is based upon the incident occurring in Pascagoula, Jackson County, Mississippi.

V.

Venue in this matter is proper pursuant to the events and omissions giving rise to this claim occurred in Pascagoula, Jackson County, Mississippi and **Wal-mart** is amenable to suit in Pascagoula, Mississippi.

VI.

**Wal-mart** is justly and truly indebted unto Plaintiffs for reasonable damages in the premises, together with legal interest thereon from the date of judicial demand and for all costs of these proceedings.

VII.

That on or about July 2, 2010, Frances was a visitor at the **Wal-mart** store located in Pascagoula, Mississippi.

VIII.

That on or about July 2, 2010, Frances entered the ladies' restroom in Wal-mart in Pascagoula, Mississippi, and suddenly and without warning, was caused to slip and fall to the floor due to water being left on the floor by a Wal-mart employee, who acknowledged she caused the water to be on the floor, and/or knew of its existence. As a result thereof, Frances sustained severe and painful injuries when she slipped in the water. The dangerous condition of

the floor was unknown to Frances and there were no warnings or markings identifying the dangerous condition.

IX.

At all times pertinent hereto, Wal-mart was the owner and/or manager of the property and had custody and control over the location where Frances was injured. In addition, Wal-mart was responsible for the condition of the flooring because Wal-mart caused the dangerous condition and knew or should have known of the dangerous condition which caused Frances' injuries.

X.

The aforesaid described incident and the injuries and damages resulting therefrom were caused by the negligence of Wal-mart, acting through its agents and/or employees and/or others under its control, by causing or knowingly permitting an unreasonably dangerous condition and/or defective condition to exist on the floor.

XI.

In addition, the aforesaid resulting injuries and damages were caused solely and proximately by the negligence of Wal-mart and its agents, servants, employees, and/or others for whose conduct it is liable including, but not limited to, the following acts or omissions:

   a. Creating and/or allowing to exist an unreasonable risk of harm for persons using said premises;

   b. Failing to warn Plaintiffs of the defective condition which existed on the premises at the time of the incident;

   c. Failing to properly maintain the floor;

3

  d. Failing to eliminate the dangerous condition;

  e. Any and all further acts of negligence that will be shown upon a trial of this matter;

all of which are in violation of the dictates of common sense, applicable safety codes and ordinances, and the laws of the State of Mississippi, all of which are pleaded herein *in extenso*.

### XII.

In the alternative, Plaintiffs would rely upon the doctrine of *res ipso loquitur* since Wal-mart's employee admitted to causing the dangerous condition and failing to warn of the danger.

### XIII.

As a direct result of the above-described incident, Frances was caused to sustain serious injuries to her shoulder, back, legs, and knees which required immediate and subsequent medical treatment.

### XIV.

As a result of the foregoing, Frances has suffered physical pain and mental anguish. She required medical care and treatment and has been temporarily disabled work and in her daily activities. Further, she has a permanent disability and lost wages because of injuries.

### XV.

Frances would show that she is entitled to recover damages from Wal-mart's negligence, including but not limited to:

4

a. Medical expenses;

b. Pain and suffering;

c. Emotional and mental distress;

d. Lost wages;

e. Scarring;

f. Loss of enjoyment of life; and,

g. Permanent disability.

### XVI.

That Vincent, former spouse of Frances also suffered a loss of consortium and would show that he is entitled to recover damages for his loss of consortium due to Walmart's negligence.

**WHEREFORE PREMISES CONSIDERED**, Frances and Vincent pray for damages that exceeds the jurisdictional limits of the Court.

Respectfully submitted this the _____ day of _____, 2013.

FRANCES W. CHAMBLISS and
VINCENT D. CHAMBLISS
PLAINTIFFS

BY: _____
NITA L. CHASE
Attorney for Plaintiffs

MSBN: 5970
CHASE CHASE & ASSOCIATES, PLLC
10345 D'Iberville Blvd.
P.O. Box 7119
D'Iberville, MS 39532
Telephone: (228) 396-3300
Facsimile: (228) 396-1494

5